IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL HERRERA SANCHEZ,

                     Petitioner,

  v.

DEPARTMENT OF HOMELAND SECURITY,

                     Respondent.

OPINION and ORDER

25-cv-584-jdp

---

Petitioner Emmanuel Herrera Sanchez, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Dkt. 1. Herrera Sanchez is nearing completion of a five-year term of incarceration for a federal crime, and he is now subject to an expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Herrera Sanchez contends he's not subject to expedited removal because he was paroled into the United States for criminal prosecution and immigration officials didn't comply with federal regulations when they issued the order. Herrera Sanchez brings a claim under the Due Process Clause, and he contends that any bar to hearing that claim under 8 U.S.C. § 1252(a)(2)(A)(iii) & (e) would violate the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.

Herrera Sanchez could have raised his claims for relief in his prior § 2241 petition, which the court dismissed for lack of jurisdiction. *Herrera Sanchez v. Dep't of Homeland Sec.*, 25-cv-146-jdp, Dkt. 10. The second petition is thus barred by the "abuse of the writ" doctrine. And for similar reasons to my prior order, the court of appeals has exclusive jurisdiction under 8 U.S.C. § 1252(a)(5) to hear Herrera Sanchez's challenges to the expedited order of removal. As with the prior petition, Herrera Sanchez's second petition doesn't fit any of the narrow

exceptions to the court of appeals' exclusive jurisdiction. *See id.* § 1252(e)(2). I will dismiss the petition and close the case.

## BACKGROUND

I take the following background from my order of dismissal in the '146 case. Herrera Sanchez is a native and citizen of Mexico. In May 2022, he was indicted in this court for distributing 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Herrera Sanchez was arrested on a federal warrant as he tried to reenter the United States. He was paroled into the United States in June 2022 for the criminal prosecution. Herrera Sanchez pleaded guilty to the sole count of the indictment, and I imposed a 60-month term of imprisonment. Herrera Sanchez is incarcerated at FCI Oxford and has a release date of September 16, 2026.

On January 13, 2025, the Department of Homeland Security issued a notice and order of expedited removal against Herrera Sanchez. The order states that Herrera Sanchez was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Mexico; (2) he was paroled into the United States for criminal prosecution with authorization to remain no longer than July 13, 2022; and (3) he lacked valid entry documentation.

## ANALYSIS

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

### A. Abuse of the writ

A petitioner's ability to bring a § 2241 is limited by equitable principles, including the abuse-of-the-writ doctrine. *Mandacina v. Entzel*, 991 F.3d 758, 762 (7th Cir. 2021). This doctrine generally prohibits a § 2241 petitioner from bringing claims that were resolved, or could have been resolved, in an earlier petition. *Gorbey v. Gilley*, No. 23-3344, 2024 WL 3988928, at *1 (7th Cir. Aug. 29, 2024); *see also Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009) (a federal court may decline to entertain a successive petition under § 2241 unless the law has changed or new facts have come to light).

Herrera Sanchez could have, and should have, brought in the prior petition the challenges to his expedited order of removal that he brings in the second petition. Herrera Sanchez does not base his new claims on a new rule of controlling law or the discovery of new material facts. The authority that he refers to has been on the books for years, and he would have known of the facts on which he bases his new claims no later than January 2025, when the expedited order of removal was served. The petition is an attempt to get a second chance in this court to challenge the expedited order of removal. I will deny the second petition because it is an abuse of the writ.

### B. Exclusive jurisdiction of court of appeals

Herrera Sanchez contends that immigration officials acted unlawfully when they issued the expedited order of removal, which invalidated that order and violated due process. He also contends that § 1252(a)(2)(A)(iii) & (e) bar this court from hearing this challenge, and that this bar violates the Suspension Clause.

I lack jurisdiction to hear this argument. Under § 1252(a)(5), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . , except as provided in [§ 1252(e)]." Under § 1252(e), the issues that can be addressed by a habeas petition are restricted:

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2).

Herrera Sanchez does not contend that the second petition fits any of these exceptions. Rather, he contends that the petition is invalid and violates due process because immigration officials didn't follow federal law when they issued it. This argument is not one that this court has jurisdiction to hear.

Herrera Sanchez's contention that § 1252(a)(2)(A)(iii) & (e) bar this court from hearing his challenge to the expedited order of removal in violation of the Suspension Clause does not overcome § 1252(a)(5). The court did not rely on § 1252(a)(2)(A)(iii) & (e) in ruling that it lacked jurisdiction to hear the challenge to that order, and that ruling moots the basis

of the related Suspension Clause argument. If Herrera Sanchez is contending that this court has jurisdiction under the Suspension Clause to hear his petition, this contention lacks merit. The Suspension Clause claim seeks to allow Herrera Sanchez to challenge the expedited order of removal. But "[t]he REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)). Again, none of the limited exceptions applies here.

The bottom line is that the claims in Herrera Sanchez's second petition fall outside the limited exceptions to the court of appeals' exclusive jurisdiction to hear challenges to final orders of removal. And Herrera Sanchez could have brought those claims in his first petition. The petition is an abuse of the writ and, even if this doctrine didn't apply, the court would lack jurisdiction to hear Herrera Sanchez's new claims. I will dismiss the petition and close the case. Herrera Sanchez is warned that further abuses of the writ may risk consequences, including summary dismissal and a possible filing bar.

ORDER

IT IS ORDERED that:

1. Petitioner Emmanuel Herrera Sanchez's petition, Dkt. 1, is DISMISSED.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 15, 2025.

                                                        BY THE COURT:

                                                        /s/

                                                        _____
                                                        JAMES D. PETERSON
                                                        District Judge